UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARLAIN LEWIS,

      **Petitioner,**

v.                                     **CASE NO: 8:10-CV-253-T-27TBM**

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

      **Respondent.**

_____/

## O R D E R

    Arlain Lewis ("Lewis"), a Florida prisoner, petitions for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. (Dkt. 1.) Lewis challenges his judgment of conviction and sentence arising out

of the Twelfth Judicial Circuit Court in Sarasota County, Florida. Respondent filed a response to

the petition along with the appendix record of Lewis' state court proceedings. (Dkts. 10 & 12.)

Lewis failed to file a reply to the response and the time frame for doing so has now expired. (See

Dkt. 3.) A review of the record demonstrates that the petition is due to be denied.

### Procedural History

    Lewis was found guilty after a jury trial of robbery with a deadly weapon as charged, but

found not guilty of the charge of trespass on an occupied structure. (Dkt. 12, Ex. 1, Vol. I, pp. 54-

55.)[1] He was adjudicated guilty and sentenced on September 30, 2004, to 15 years in prison. (Id.

at 74-75.) Lewis pursued a direct appeal and, following briefing, the Second District Court of

Appeal, on February 3, 2006, affirmed the judgments without written decision. (Exs. 2-4.) Lewis

---

    [1] All exhibits cited by the Court throughout this Order are located in the appendix record of Lewis' state
court proceedings, docket entry 12.

did not file a motion for rehearing in the state appellate court, nor did he pursue *certiorari* review in the United States Supreme Court.

Lewis did file a *pro se* motion for post-conviction relief in the trial court dated March 1, 2007, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Ex. 6.)  The court summarily denied one claim and, after a response from the state, denied the remaining claims. (Exs. 7-9.)  Lewis appealed to the Second District and, on February 22, 2008, the appellate court *per curiam* affirmed without written decision. (Exs. 10-12.)  The mandate issued on March 14, 2008. (Ex. 13.)

### The AEDPA Standard of Review

Lewis timely filed the instant federal petition, pursuant to 28 U.S.C. § 2244(d), on January 21, 2010, raising three claims of ineffective assistance of counsel.  His petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24,1996.  See Lindh v. Murphy, 521 U.S. 320, 336, 138 L. Ed. 2d 481, 17 S. Ct. 2059 (1997).  Section 104 of the AEDPA amended 28 U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. <u>Parker v. Secretary, Dep't of Corr.</u>, 331 F.3d 764 (11th Cir. 2003) (citing <u>Robinson v. Moore</u>, 300 F.3d 1320, 1342 (11th Cir. 2002)).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court. <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1398–1401 (2011). In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." <u>Robinson</u>, 300 F.3d at 1342. The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1). When measured against the AEDPA standard, it is clear that Lewis' petition is due to be denied.

## Standard of Review for Ineffective Assistance of Counsel Claims

Lewis claims that his trial counsel was incompetent and performed substantially below the standard guaranteed by the Sixth Amendment and that he was prejudiced as a result. Specifically, he argues that counsel failed to conduct an adequate pretrial investigation, misadvised him about testifying on his own behalf, and failed to make timely and adequate objections.

A petitioner claiming ineffective assistance of counsel must meet the two-part standard for counsel's performance established by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, a petitioner must show that counsel's

performance was deficient and that the deficient performance prejudiced the defense. Id. at 687. Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Sound tactical decisions within a range of reasonable professional competence are not vulnerable to collateral attack. See e.g., Weber v. Israel, 730 F.2d 499, 508 (7th Cir.) (finding that choosing a defense is a matter of trial strategy), cert. denied, 469 U.S. 850 (1984); United States v. Guerra, 628 F.2d 410, 413 (5th Cir. 1980), cert. denied, 450 U.S. 934 (1981). Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are rare. Waters v. Lewis, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

## **Merits**

### **Ground One**

Lewis argues that his trial counsel rendered ineffective assistance by failing to conduct an adequate pretrial investigation. Specifically, he faults his counsel for not interviewing and calling a witness, Kimberly Moore-Quick, to testify. According to Lewis, Moore-Quick heard Trevior Daniels threaten to kill Lewis in a heated argument on December 11, 2003. (See Dkt. 1, p. 7.) Lewis alleges that had she testified, counsel would have been able to demonstrate that Lewis committed the robbery as a result of the threat of Trevior Daniels. (See id.)

In summarily denying this claim, the trial court held that:

> The Defendant claims he told counsel that he had committed the robbery due to coercion and duress because another person threatened to kill him due to a debt that he owed to that person. The Defendant claims that Kimberly Moore-Quick

-4-

observed the Defendant and Trevior "Tre" Daniels in a heated argument on December 11, 2003, and that Mr. Daniels threatened to kill the Defendant if he did not repay the money he owed him in thirty minutes. The Defendant then told the witness to drive him to the American Pantry Store and wait for him and once he obtained the money, to give that money to Mr. Daniels. The Defendant claims that the witness would have testified that she drove the Defendant to the store, he went into the store and then came out and they drove off. During the ride, the Defendant and Holly Rubenstein, another passenger in the car, got into an argument, the Defendant jumped out of the car and Ms. Rubenstein took a gun and shot at the Defendant. The Defendant claims Ms. Quick would have testified she had no prior knowledge of the robbery and that her testimony would have supported a coercion or duress defense.

The State Attorney responded, that based upon the Defendant's description of the proposed testimony from Ms. Quick, the legal standard for a duress defense would not have been established by the testimony, and therefore, the Defendant cannot show that he was prejudiced by counsel's alleged failure to present that testimony at trial.

The Defendant's Motion is denied. As stated by the Fifth District Court of Appeal, to be entitled to a jury instruction on duress or coercion, "there must be some evidence presented tending to show that the Defendant committed the crime against his will because of circumstances which either constituted a real, imminent and impending danger to himself ... or from which circumstances shown in the evidence the defendant had a reasonable grounds to believe that such danger was real." Stevens v. State, 397 So. 2d 324, 325 (Fla. 5th DCA 1981). Further, "there must be no reasonable opportunity to escape the compulsion without committing the crime." Stevens, 397 So. 2d at 325. In the instant case, the Defendant's proposed testimony does not establish that the threat to him was real, imminent and impending, because the Defendant had time to leave the vehicle, go into a store and commit a robbery, when he could have easily fled or sought help from the police once he was out of the vehicle. Clearly, the Defendant could have avoided the danger without committing the robbery. Additionally, as pointed out by the State, the court's colloquy with the Defendant, after his attorney apparently conceded his guilt to lesser crimes in opening statement, although not conclusively refuting the Defendant's claim establishes that the Defendant agreed with counsel's trial strategy. (See attached Tr., 172-173).

(Ex. 9, pp. 1-4.)

The Court agrees with Respondent that Lewis has not overcome the presumption of correctness of the state court's findings by clear and convincing evidence. Likewise, Lewis fails to

-5-

overcome the strong presumption that his counsel's decisions regarding potential defenses, including

duress, in light of the state's evidence, was in the exercise of professional judgment. See Strickland,

466 U.S. at 690. "An ambiguous or silent record is not sufficient to disprove the strong and

continuing presumption [of effective representation]. Therefore, 'where the record is incomplete or

unclear about [counsel]'s actions, we will presume that he did what he should have done, and that

he exercised reasonable professional judgment.'" Chandler v. United States, 218 F.3d 1305, 1314

n. 15 (11th Cir.2000) (en banc). The Eleventh Circuit has established that "[b]y its nature, 'strategy'

can include a decision not to investigate ... [and] a lawyer can make a reasonable decision that no

matter what an investigation might produce, he wants to steer clear of a certain course." Rogers v.

Zant, 13 F.3d 384, 387 (11th Cir. 1994).

As Respondent argues, the relevant inquiry is not whether Lewis' counsel pursued a

particular defense or witness. Rather, Lewis must show that no reasonably competent attorney would

have acted in the manner counsel did . See Chandler, 218 F.3d at 1318 (en banc) (holding that

"counsel's reliance on particular lines of defense to the exclusion of others -- whether or not he

investigated those other defenses -- is a matter of strategy and is not ineffective unless the petitioner

can prove the chosen course, in itself, was unreasonable."). There is no basis to conclude that the

course taken by counsel on Lewis' behalf was objectively unreasonable. The trial court's order

reflects that counsel sought a verdict on a lesser offense on Lewis' behalf, commencing with the

opening remarks, and that the strategy was approved by Lewis. Counsel was not obligated to

promote a duress defense with regard to the robbery offense in order to be reasonably effective. See

Chandler, 218 F.3d at 1319 (holding that "[c]onsidering the realities of the courtroom, more is not

-6-

always better. Stacking defenses can hurt a case. Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others.").

Further, the Court agrees with Respondent that this Court must defer to state law determinations made by the trial court in rejecting Lewis' claim. Although an ineffective-assistance-of-counsel claim is a federal constitutional claim which is considered in light of Strickland, when "the validity of the claim that [counsel] failed to assert is clearly a question of state law, the Court must defer to the state's construction of its own law." Will v. Secretary For Dept. of Corr., 278 F. App'x 902, 908 (11th Cir. 2008) (citing Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) (affording deference to state court's decision "to the extent it decide[d] the validity of [the petitioner's] underlying state law claims") (superseded on other grounds); see also Callahan v. Campbell, 427 F.3d 897, 932 (11th Cir. 2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them ...."). Given the deference due to the state court's determinations, Lewis is also unable to demonstrate there was any reasonable probability of a different outcome at trial had his counsel called the proposed witness. The state decision resulted in a reasonable application of Strickland under either prong and was a reasonable determination of the facts in light of the evidence.

**Ground Two**

Lewis next claims that his trial counsel misadvised him regarding his right to testify at trial. Specifically, Lewis asserts that counsel misadvised him that if he testified, the jury would hear that he had a prior conviction for robbery, and that would likely influence the jury to convict Petitioner.[2]

---

[2]Lewis does not allege that counsel failed to advise him of his right to testify or not to testify, the strategic implications of his choice, or that Lewis had the final decision whether or not to testify. The record reflects that: 1) the trial court fully advised Lewis that he had the right to testify and that the decision whether or not to testify ultimately rested with Lewis; and 2) that Lewis understood this and told the Court that he did not wish to testify. (Dkt. 12, Ex. 1, Vol. II, pp. 164-65).

Lewis contends that he would have testified that he committed the robbery because he owed Trevior

Daniels money and that Daniels told him if he did not pay him within 30 minutes, he would be

killed. (See Dkt. 1, p. 11.) Lewis next claims that he would have testified that Daniels instructed

Rubenstein to shoot Lewis if he did not give Moore-Quick the money. (See id.) Finally, Lewis

alleges that he would have testified that after he robbed the store, he got in the back of the truck

driven by Moore-Quick, and when he jumped out, Rubenstein shot at him. (See id.) Lewis argues

that had he testified, the jury would have found him not guilty based on duress and coercion.

In summarily denying this claim, the trial court held that:

> The Defendant claims that he told counsel he wanted to testify in his own defense and counsel advised him that if he did, the jury would learn about his prior robbery offense and would find him guilty. The Defendant claims his waiver at trial was involuntary due to his counsel's misadvice and that if he had testified, he would have testified consistent with his proposed duress or coercion defense as set out in ground one above.
>
> The State Attorney responded that the court should deny the Defendant's claim because the defendant's proposed testimony would not have supported the duress defense and would have contradicted counsel's strategy with respect to conceding the lesser offenses. The State argued that the Defendant has not established that he was prejudiced by counsel's alleged erroneous advice.
>
> The Defendant's Motion is denied. Based upon the court's observations concerning lack of prejudice established by the proposed testimony of the Defendant and his omitted witnesses, the Defendant has failed to establish that he was prejudiced by counsel's alleged erroneous advice regarding his right to testify. See Oisorio v. State, 676 So. 2d 1363 (Fla. 1996) (holding that petitioner claiming ineffective assistance of counsel based on counsel's interference with his right to testify had to establish both that counsel's performance was deficient and that deficient performance prejudiced defense). Further, as pointed out in this order under ground one above, the Defendant agreed to counsel's strategy and his proposed defense would have contradicted his attorney's argument to the jury.

(Ex. 9, pp. 4-5.)

Lewis has not shown that he was prejudiced by counsel's alleged deficient advice.[3]  As previously noted, it is apparent from the trial transcript that counsel's trial strategy was to admit to a lesser included offense. (Dkt. 12, Ex. 1, Vol. I, pp. 26-27; Vol. II, pp. 175-76, 194-97.) During trial, Lewis acknowledged that he discussed this strategy with counsel prior to trial, he understood the strategy, he consented to using the strategy, and he was satisfied with the strategy "to the fullest." (Dkt. 12, Ex. 1, Vol. II, pp. 172-73.)  Lewis asserts that had counsel not misadvised him regarding the consequences of Lewis testifying, he would have testified about his duress defense, i.e., that although he committed a robbery, he did so under coercion or duress. The duress defense, however, was not presented at trial, and was inconsistent with counsel and Lewis' chosen defense, to wit, that Lewis did not commit robbery, but instead a lesser offense. Lewis does not allege or show that his proposed testimony would have supported or strengthened the defense he presented at trial. Lewis, therefore, has failed to show how his proposed testimony would have altered the outcome of the trial.

To the extent Lewis may be alleging that had counsel not misadvised him, he would have pursued the duress defense, Lewis likewise has failed to prove that there is a reasonable probability that, but for counsel's alleged misadvice, the result of the trial would have been different.  As discussed in Ground One above, Lewis has failed to demonstrate that there was any reasonable probability of a different outcome at trial had his counsel pursued the duress defense.  Consequently, he has failed to show prejudice.

---

[3] In Florida, the prosecutor is permitted to attack the witness' credibility by asking whether the witness has ever been convicted of a felony or a crime involving dishonesty or false statement, and how many times. *Stallworth v. State*, 53 So. 3d 1163, 1165 (Fla. 1st DCA 2011) (citation omitted). If the witness admits to the conviction(s), the State may not question the witness as to the exact nature of the conviction(s). *Id.*, at 1166.

Lewis has not shown that the state courts' resolution of this claim was an unreasonable application of <u>Strickland</u>, or that the denial of relief was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Lewis is not entitled to habeas relief on Ground Two.

**Ground Three**

Lewis contends that counsel rendered ineffective assistance by not making a timely and adequate objection to: 1) his absence from the courtroom when, after the jurors retired to begin deliberations, they returned to the courtroom to review the surveillance videotape; and 2) a juror who was sleeping during testimony of state witness McCarthy, and portions of the defense closing argument. In denying these contentions, the trial court held, in pertinent part:

> The State responded that the court should deny the Defendant's claims of ineffective assistance because with respect to the first failure to object, the record reflects that the Defendant was not prejudice by his absence, as he was present at trial when the videotape was played for the jury and his allegations of prejudice are vague and speculative. With respect to the failure to object to the sleeping juror, the State responded that because the testimony of McCarthy had to do with the charge of trespassing and the Defendant was acquitted of that charge, the Defendant has not shown that he was prejudiced by counsel's alleged failure to point out the sleeping juror.

> The Defendant's Motion is denied. First, the Defendant's claim involves two important criminal procedure rules, that is, Fla. R. Crim. P. 3.410 and 3.180(a)(5), which guarantee the Defendant's right to be present when the jury requests to review evidence and the defendant to be present in all proceedings in court when the jury is present. However, a violation of these two rules does not constitute per se reversible error in all circumstances. <u>See</u> <u>Morgan v. State</u>, 492 So. 2d 1072, 1074 (Fla. 1986) (holding that violation of rule 3.410 constituted harmless error). <u>See</u> <u>also</u> <u>Tarver v. State</u>, 741 So. 2d 551, 553 (Fla. 4th DCA 1999) (holding that violation of rule 3.180(a)(5) constituted harmless error).

> In the present case, the Defendant was present during the trial when the videotape was played for the jury. (<u>See</u> attached Tr. 4, 41043.) When the jury reviewed the videotape, there was no additional testimony or any comments on the

videotape. (See attached Tr. 216-217.) As a result, even assuming the truth of the Defendant's allegations, which this court is required to do, the Defendant's claim that he was prejudiced is refuted by the court because the Defendant has not shown that his presence would have had an impact on the jurors' review of the videotape. See Tarver, 741 So. 2d at 553.

With respect to the Defendant's claim regarding juror Walters, the Defendant's claim is without merit because the Defendant's contention that the juror may have missed the critical testimony of Mr. McCarthy does not established [sic] the necessary prejudice required for post-conviction relief because the Defendant was acquitted, consistent with counsel's closing argument at trial, of the trespass count against Mr. McCarthy. (See attached Tr.92-106, 191-197, Jury Verdict and Information.) As a result, the Defendant has failed to show that he was prejudiced by counsel's failure to object to the alleged sleeping juror.

(Ex. 9, pp. 6-7.)

Lewis has not overcome the presumption of correctness due the state court's factual findings, nor has he overcome the strong presumption that counsel's failure to object to the jury's review of the tape in his absence and the sleeping juror were in the exercise of professional judgment.

A defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure. Kentucky v. Stincer, 482 U.S. 730, 745 (1987); Hodges v. Attorney General, State of Fla., 506 F.3d 1337 (11th Cir. 2007); Diaz v. Sec'y for Dept. Of Corr., 402 F.3d 1141 (11th Cir. 2005). Lewis has not cited any binding authority, and this Court is aware of none, from the United States Supreme Court, holding that replay of video evidence to a jury during its deliberations is a critical stage of the trial triggering a criminal defendant's fundamental right to be present.[4] Because the constitutional right to presence

---

[4]The Court notes that the Ninth Circuit Court of Appeals has held that defendants have a Sixth Amendment right to be present when testimony is read back to the jury during deliberations. See United States v. Kupau, 781 F.2d 740 (9th Cir. 1986). The D.C. Circuit has held that a defendant does not have the right to be present during the replay of taped evidence. United States v. Sobamowo, 892 F.2d 90, 97 (D.C. Cir. 1989).

-11-

at a replay of video evidence is not clearly established, Lewis' trial counsel was not "objectively unreasonable" in failing to object.[5]

Further, Lewis fails to explain how his presence would have contributed to the fairness of this portion of his proceedings. His mere speculation does not suffice to demonstrate there was any reasonable probability of a different outcome had he been present when the jury reviewed the videotape. Consequently, Lewis has failed to show that he was prejudiced by his trial counsel's failure to ensure his presence during the replay of the videotape.

With respect to his allegation that a juror was sleeping during portions of witness McCarthy's testimony, Lewis fails to plead facts demonstrating that the subject juror was actually asleep through critical trial testimony and that his counsel ignored that.

Lewis also claims that the juror slept during portions of his counsel's closing arguments. However, as Respondent asserts, Lewis' allegations do not rule out that the juror had only closed her eyes and was listening to the closing arguments of the parties, nor does he identify with particularity that portion of the argument that the juror missed.

Prejudice cannot be presumed in this instance, particularly considering the weight of the evidence presented against Lewis, Lewis' admission that he went into the store and took money, and that the jury acquitted Lewis on the trespass count in which Mr. McCarthy was listed as a victim. See United States v. Fernández-Hernández, 652 F.3d 56, 75 (1st Cir. 2011) ("A sleeping juror does not violate a defendant's due process rights unless the defendant can show he was prejudiced to the

---

[5]The Court notes that Lewis does not allege that counsel was in the courtroom when the jury returned to the courtroom to view the videotape, or that counsel was aware that the jury had returned to the courtroom to view the videotape. (See Dkt. 1 at pp. 12-13.) Further, it is unclear from the trial transcript whether counsel was present in the courtroom when the jury returned to view the videotape. (See Dkt. 12, Ex. 1, Vol. II at pp. 216-17.)

extent that he did not receive a fair trial. . . .[P]ointing out that a single juror at one point in the trial fell asleep does not by itself establish such prejudice[.]") (citing United States v. Freitag, 230 F.3d 1019, 1023 (7th Cir. 2000)). Furthermore, closing arguments are not considered evidence. Even if his trial counsel had complained or objected, Lewis fails to demonstrate there was any reasonable probability of a different outcome. See Hall v. Groose, 1994 U.S. App. LEXIS 2982, 1994 WL 50604, *2 (8th Cir. 1994) ("Hall did not assert a reasonable probability that the outcome would have been different had counsel objected to the sleeping juror.").

The state court's decision resulted in a reasonable application of Strickland under either prong and a reasonable determination of the facts in light of the evidence. Accordingly, Ground Three does not warrant habeas relief.

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the

underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack

v. McDaniel, 529 U.S. 473, 478 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir 2001).

Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma*

*pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on ___JANUARY 28ᵗʰ_____, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copy to:
Petitioner *pro se*
Counsel of Record

-14-